UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHANE JACKSON, PATRICK COMPERE, ROGELIO TATIS MERCADO, DANY TATIS HERNANDEZ, JORGE ZAMBRANO, RONALD WILLIAMS, FLOYD WATLER, ANGEL C. CORDOVA, ANGEL R. CORDOVA, ANGEL L. CORDOVA, and MARCUS A. HAYES, <br><br> Plaintiffs, <br><br> v. <br><br> WORCESTER POLICE DEPARTMENT, et al., <br><br> Defendants. | Civil Action No. 10-40132-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This is a civil rights action against the Worcester Police Department and several police officers brought by eleven pretrial detainees. Plaintiffs allege that the police department systematically commits widespread constitutional infringements while purportedly operating as a government-sanctioned "gang." Because this action is frivolous and otherwise seeks to interfere with ongoing state criminal prosecutions, it will be dismissed.

**I.     Background**

Plaintiffs in this case are a group of inmates at the Worcester County Jail and House of Correction. Each plaintiff is pretrial detainee with a pending criminal case in the Massachusetts state courts. On July 16, 2010, most of the plaintiffs filed "Notices of Removal" in this Court,

attempting to remove their pending criminal cases to federal court.[1]  This action was filed on the same day as the Notices of Removal.  Plaintiffs are proceeding *pro se*.

Plaintiffs' central allegation is that the Worcester Police Department is a state-sanctioned "gang" that violates the "entire Constitution on a daily basis."  (Compl. at 1).  The complaint characterizes the daily activity of the Worcester police as part of a conspiracy to misuse taxpayer dollars.  Plaintiffs assert that the police policy of working with confidential informants in investigations of drug crimes encourages drug use and otherwise violates due process, equal protection, fundamental fairness, and Fourth Amendment rights.

The alleged facts supporting this action are attacks on the underlying facts of each plaintiff's pending criminal case.[2]  Exhibits attached the complaint attempt to discredit affidavits filed by police officers in support of search warrants in many of the plaintiffs' cases.  Several of the exhibits challenge the sufficiency of the search warrants that led to many of the plaintiffs' arrests.

Plaintiffs seek damages and injunctive and declaratory relief.  Along with the complaint, plaintiffs have filed a motion for leave to proceed *in forma pauperis* and a motion for class action certification.

II.     <u>Analysis</u>

The Court must dismiss a complaint by a prisoner proceeding *in forma pauperis* if the action is frivolous, fails to state a claim, or seeks damages from defendants who are immune.  *See*

---

[1] Specifically, plaintiffs Jackson, Compere, Mercado, Hernandez, Hayes, Williams, and one of the Angel Cordovas attempted to remove their pending state criminal prosecutions.  Plaintiffs Zambrano, Watler, and the other two Angel Cordovas did not.  Because this Court lacked subject matter jurisdiction and otherwise abstained under *Younger v. Harris*, 401 U.S. 37 (1971), the Court remanded these cases to state court.

[2] There is no information in the complaint or any attached exhibit relating to plaintiff Watler.

28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A (requiring the Court to dismiss a prisoner's complaint against government officers and entities that is frivolous or fails to state a claim). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An allegation that is "clearly baseless," "fanciful," or "rise[s] to the level of the irrational or the wholly incredible" is factually frivolous; however, a factual allegation that is merely unlikely may not be dismissed pursuant to § 1915. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327, 328). Because plaintiffs are proceeding *pro se*, the Court must construe their allegations liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

Even under a liberal construction, the allegations in this case are patently frivolous. The complaint charges that the law enforcement system in Worcester is a "gang," and that police badges are in fact gang symbols. The allegations are sweeping, but are not grounded in any facts that support the assertions of a police conspiracy to misuse taxpayer dollars. No facts are pleaded that might relate to the purported constitutional infringements. Such assertions lack any plausible basis in law or in fact, and must be dismissed under 28 U.S.C. § 1915.

Even if the allegations were not frivolous, the Court would still be obligated to dismiss this case under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The Court may raise the issue of abstention *sua sponte*. *See Rivera-Feliciano v. Acevedo-Vila*, 438 F.3d 50, 59-60 (1st Cir. 2006) (*citing Cruz v. Melecio*, 204 F.3d 14, 22 n.7 (1st Cir. 2000); *see also Barichello v. McDonald*, 98 F.3d 948, 955-956 (7th Cir. 1996) (a federal district court may abstain under the *Younger* doctrine *sua sponte*).

*Younger* abstention is rooted in the "longstanding policy against federal court interference

with state court proceedings" and in principles of comity. *Younger*, 401 U.S. at 43, 44; *In re Justices of the Superior Ct. Dept. of the Mass. Trial Ct.*, 218 F.2d 11, 17 (1st Cir. 2000). The doctrine holds that federal courts should not enjoin ongoing criminal proceedings in state courts absent an immediate and great threat of irreparable harm. *Younger*, 401 U.S. at 46.[3] A federal district court should abstain when the desired relief would "interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007).

Here, all three prongs of the *Younger* standard are easily satisfied. Plaintiffs are all criminal defendants in ongoing state criminal prosecutions. Their prosecutions implicate the important state interests of promoting public safety and retaining authority over state criminal proceedings. *See, e.g.*, *State v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997) (applying *Younger* abstention when state criminal defendant sought declaratory and injunctive relief); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (noting that "*Younger* itself settled the importance of the state's interest in criminal proceedings"); *Massachusetts v. Azubuko*, 616 F. Supp. 2d 174, 177 (D. Mass. 2009) (applying *Younger* abstention when state criminal defendant attempted to remove his case to federal court). To the extent that plaintiffs raise federal constitutional challenges in the complaint, the challenges relate to the interactions with police officers that led to their arrests. Construed liberally, plaintiffs' constitutional claims can be understood as challenges to the legality of their underlying arrests. To the extent that there is a factual predicate for this action, then, it

---

[3] In *Younger's* companion case, *Samuels v. Mackell*, 401 U.S. 66, 91 (1971), the Court extended the doctrine to requests for declaratory relief that would interfere with ongoing state criminal prosecutions.

4

relates to the distinct factual circumstances in each plaintiff's state criminal prosecution.  Each plaintiff will have the opportunity to raise his Fourth and Fourteenth Amendment claims in state court, and it is not appropriate for this Court to interfere with the state courts' consideration of these claims.

Because this case will be dismissed *sua sponte*, the Court need not consider plaintiffs' motion to proceed *in forma pauperis* or motion for class certification.

### III. Conclusion and Order

For the foregoing reasons, the Court will abstain from jurisdiction over plaintiffs' claims, and the case will be DISMISSED.

**So Ordered.**

                                              /s/ F. Dennis Saylor  
                                              F. Dennis Saylor IV  
                                              United States District Judge

Dated: October 26, 2010